ACCEPTED
04-15-00155-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
5/8/2015 11:48:25 AM
KEITH HOTTLE
CLERK

NO. 04-15-00155-CV

IN THE COURT OF APPEALS
FOURTH DISTRICT OF TEXAS
SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
05/8/2015 11:48:25 AM
KEITH E. HOTTLE
Clerk

BEXAR COUNTY HOSPITAL DISTRICT d/b/a
UNIVERSITY HEALTH SYSTEM
APPELLANT

VS.

PAUL DOUGLAS HARLAN

APPELLEE

APPEAL FROM THE 150th DISTRICT COURT
BEXAR COUNTY, TEXAS

## APPELLANT'S BRIEF

LAURA A. CAVARETTA
State Bar No. 04022820
CAVARETTA, KATONA & LEIGHNER,
PLLC
One Riverwalk Place
700 N. St. Mary's Street, Suite 1500
San Antonio, Texas 78205
Phone: 210/588-2901
Fax: 210/588-2908
Cavarettal@ckf-law.com

**Oral Argument Requested**

# INDEX

Identities of Parties and Counsel ................................................................ ii

Table of Authorities ................................................................................. iii

Statement of the Case ............................................................................... 1

Issue Presented ........................................................................................ 2

Statement of Facts ................................................................................... 2

Summary of the Argument ....................................................................... 5

Argument and Authorities ........................................................................ 6

      The trial court was required to dismiss Plaintiff's claim for failure to serve an expert report on Appellant's counsel as mandated by Chapter 74 of the Civil Practice and Remedies Code ................................................................ 6

Conclusion ............................................................................................... 14

Prayer ...................................................................................................... 14

Certificate of Compliance ....................................................................... 15

Certificate of Service ............................................................................. 15

Appendix                                                                                        TAB

      Plaintiff's Original Petition ............................................................... 1

      Defendant's Motion to Dismiss ........................................................ 2

      Plaintiff's Opposition to Motion ...................................................... 3

      Order Denying Motion to Dismiss ................................................... 4

      Section 74.351 ................................................................................. 5

# IDENTITY OF PARTIES AND COUNSEL

In order that the members of the Court may determine whether they are disqualified to serve or should recuse themselves, Appellant certifies, pursuant to TEX. R. APP. P. 38.1 that the following is a complete list of names of all parties to the trial court's orders and their counsel:

## APPELLANT AND ITS COUNSEL:

Bexar County Hospital District
d/b/a University Health System

Laura A. Cavaretta
Cavaretta, Katona & Leighner, PLLC
One Riverwalk Place
700 N. St. Mary's Street, Suite 1500
San Antonio, Texas 78205
Telephone: (210) 588-2901
Facsimile: (210) 588-2908
Cavarettal@ckf-law.com

## APPELLEE AND HIS COUNSEL:

Paul Douglas Harlan

Paul Saputo, Jr.
SAPUTO LAW FIRM
2050 N. Stemmons Freeway
Mail Unit 310
Dallas, Texas 75207
Telephone: (888) 239-9305
Facsimile: (888) 236-2516
paul@saputo-law.com

# TABLE OF AUTHORITIES

**Cases**

*Herrera v. Seton Northwest Hospital,*
212 S.W.3d 452 (Tex. App.--Austin 2006, no pet.) ........................................ 9

*Northeast Texas Staffing v. Ray,*
330 S.W.3d 1 (Tex. App.--Texarkana, 2010, no pet.) ..................................... 9

*Poland v. Ott,,*
278 S.W.3d 39 (Tex. App.-Houston [1st Dist.] 2008, pet. denied) ................... 8,9,10

*Stockton v. Offenbach,*
336 S.W.3d 610 (Tex. 2011) .............................................................. 6,10

*St. Luke's Episcopal Hospital v. Poland,*
288 S.W. 3d 38, Tex. App.--Houston [1st Dist.] 2009, pet denied.) ................... 9,10

*University of Texas Health Science Center at Houston v. Gutierrez,*
237 S.W.3d 869 (Tex. App.--Houston [1st Dist.] 2007, pet. denied) .............. 8,9,13

**Statutes**

TEX. CIV. PRAC. & REM. CODE ANN. §74.351(a) (West) ................................. 7,8,10

TEX. CIV. PRAC. & REM. CODE ANN. §74.351(b) (West) .................................... 6,7

TEX. CIV. PRAC. & REM. CODE ANN. §74.351(c) (West) ...................................... 7

TEX. REV. CIV. STAT. ANN. Art. 4590i §13.01 (repealed) .................................. 9

**Rules**

TEX. R. CIV. P.21a ...................................................................... 9

NO. 04-15-00155-CV

IN THE COURT OF APPEALS
FOURTH DISTRICT OF TEXAS
SAN ANTONIO, TEXAS

BEXAR COUNTY HOSPITAL DISTRICT d/b/a
UNIVERSITY HEALTH SYSTEM
                                                                    APPELLANT

VS.

PAUL DOUGLAS HARLAN

                                                                    APPELLEE

APPEAL FROM THE 150th DISTRICT COURT
BEXAR COUNTY, TEXAS

**APPELLANTS' BRIEF**

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

Now comes THE BEXAR COUNTY HOSPITAL DISTRICT d/b/a

UNIVERSITY HEALTH SYSTEM [hereinafter UHS], Appellant in the above-

referenced cause, and files this its Appellant's Brief as follows:

## STATEMENT OF THE CASE

This is an interlocutory appeal from the denial of a Motion to Dismiss. In

this health care liability action, Plaintiff brought suit against UHS and three

1

physicians, alleging that the surgical care and treatment provided by the physicians was below the standard of care.(CR 1) Plaintiff's claims against UHS are essentially vicarious nature, as there are no specific allegations of negligence by a UHS employee.(CR 1) Before suit was filed, Plaintiff mailed a copy of an expert report and the expert's curriculum vitae to the Office of General Counsel of the UT System but did not send a copy to UHS or its counsel. (RR Exhibit 5; CR 20) After suit was filed and UHS entered an appearance, Plaintiff did not serve a copy of the expert report or the expert's curriculum vitae on UHS or its counsel.( CR 20)

Because Plaintiff failed to serve on UHS or its attorney, an expert report with a curriculum vitae within the deadline provided by §74.351(a) of the Civil Practice and Remedies Code, UHS filed a Motion to Dismiss.(CR 20) The Motion was heard and denied by Judge Larry Noll, who entered an Order on February 26, 2015.(CR 54) The denial of the Motion is subject to review by interlocutory appeal, and therefore, UHS filed its Notice of Appeal on March 16, 2015. (CR 56) UHS seeks reversal of the trial court's ruling.

## ISSUE PRESENTED

The trial court was required to dismiss Plaintiff's claim for failure to serve an expert report on Appellant's counsel as mandated by Chapter 74 of the Civil Practice and Remedies Code.

## STATEMENT OF FACTS

This is a health care liability claim filed pursuant to Chapter 74 of the Civil

Practice and Remedies Code against UHS and three physicians.(CR 1) Prior to filing suit, Plaintiff sent a Notice of Healthcare Claim letter addressed to five physicians and "University Health Care System" at 4502 Medical Drive.(RR Exhibit 1) On June 25, 2014, UHS sent a letter, by certified mail, return receipt requested, to Plaintiff acknowledging receipt of the claim letter, but the letter was returned unclaimed.(RR Exhibit 2, 3) On June 4, 2014 a letter was sent by regular mail to Plaintiff, by Tim Boughal, an attorney with the Office of General Counsel of the University of Texas System, also acknowledging receipt of the claim.(RR Exhibit 4) This letter requested that Boughal be provided with any expert reports which supported Plaintiff's claim.(RR Exhibit 4)

On July 17, 2014, again, before suit was filed and in response to Boughal's request, Plaintiff's counsel forwarded an expert report to Boughal at the University of Texas System, Office of General Counsel in Austin, which he asserted was to "serve as support to the statement that acts or omissions specified in the complaint [sic] doctors fall below the standard of care for treatment of Mr. Harlan's type of fractures."(RR Exhibit 5) The letter did not indicate that the expert report was being served pursuant to Chapter 74 or that it was intended to comply with the mandate of Chapter 74, and a copy was not sent to UHS.(RR Exhibit 5)

Thirteen days later, on July 30, 2014, Plaintiff filed suit against UHS and three physicians, and directed that UHS be served through its registered agent at

3

4502 Medical Drive.(CR 1) In his Original Petition, Plaintiff acknowledges that UHS is a "publicly supported health care system."(CR 1) Plaintiff specifically alleges that the physicians who provided care at University Hospital were negligent in the performance of a surgical procedure.(CR 1) There are no specific allegations of negligence as to UHS.(CR 1) On August 21, 2014, UHS filed its Plea in Abatement, Special Exceptions and Original Answer, in which it denied that the physicians named in the claim were its agents, servants or employees.(CR 9) No Answers were filed on behalf of the three physicians.(CR 63-65)

Because Plaintiff did not comply with the provisions of §74.051 and §74.052 of the Civil Practice and Remedies Code, in that he failed to provide a properly completed authorization to UHS as mandated by Statute, UHS sought to abate the case pending receipt of a properly executed authorization.(CR 9) On September 23, 2014, the trial court signed an Abatement Order, providing that the cause of action was abated pending receipt of a properly completed authorization form as mandated by §74.052 of the Civil Practice and Remedies Code.(CR 18) This Order was agreed to and approved by counsel for UHS and Plaintiff's counsel.(CR 19) The Order specifically provided that it "shall not affect any provisions or deadlines imposed by Chapter 74."(CR 19)

One of the deadlines imposed by Chapter 74 required Plaintiff to serve on UHS or its counsel an expert report and curriculum vitae within 120 days from the

date that UHS filed its Answer.(CR 20) Plaintiff failed to do so.(CR 20) After the deadline expired, UHS filed a Motion to Dismiss, alleging that the provisions of §74.351 mandate dismissal because Plaintiff did not serve his expert report on UHS or its counsel.(CR 20) In an attempt to avoid application of the mandatory dismissal provision, Plaintiff asserted that the delivery of the report on the UT System lawyer, Timothy Boughal, before suit was filed, constituted service on UHS or its counsel because it was their "understanding" that he was "representing the defendants in the case."(RR 9)

Disregarding the fact that UHS and its counsel were never served with the expert report and the fact that the report purportedly "mistakenly" delivered to Boughal was sent before suit was filed, the trial Court denied the Motion to Dismiss.(CR 54) Because §74.351(b) specifically provides that the trial court *shall* dismiss the claim if an expert report and CV have not been served on the party or the party's attorney within 120 days of the date the Defendant's Answer is filed, UHS seeks review by this Court and would show that the trial court's ruling must be reversed.

## SUMMARY OF THE ARGUMENT

Section 74.351(a) is very clear. It specifically requires that an expert report and CV be served on the party or the party's attorney within 120 days of the date each defendant's original answer is filed. It provides for no "good cause" exception

5

or "excusable neglect" exception. It mandates that, if the expert report and CV are not served on each party or the party's attorney, the trial court *shall,* on motion of the affected health care provider, dismiss the claim and award reasonable attorneys' fees and costs. Texas courts have repeatedly held that pre-suit delivery of an expert report does not comply with the statutory "service" requirement and that the trial courts are not free to disregard the mandatory language of the statute. The trial court failed to comply with the statute and this Court must correct the trial court's error, reverse the trial court's ruling, and remand the matter to the trial court for an evidentiary hearing on reasonable attorney's fees and costs.

## ARGUMENT AND AUTHORITIES

**The trial court was required to dismiss Plaintiff's claim for failure to serve an expert report on Appellant's counsel as mandated by Chapter 74 of the Civil Practice and Remedies Code.**

Because §74.351(a) and (b) vest no discretion in the trial court with respect to application of its provisions, this matter is reviewed, not by an abuse of discretion standard, but instead, *de novo.* TEX. CIV. PRAC. & REM. CODE ANN. §74.351(b) (West); *Stockton v. Offenbach,* 336 S.W.3d 610, 614 (Tex. 2011). The question of law before this Court is whether Plaintiff complied with the 120 day expert report deadline when he mailed a copy of the expert report, before suit was filed, to an attorney who does not represent any party to the case and then failed to serve the expert report on UHS or its attorney within 120 days of the date UHS

6

filed its Answer. The answer to this question is, unequivocally, "No."

Section 74.351(a) provides that, not later than the 120th day after the date each defendant files its original answer, the claimant *shall serve on that party or the party's attorney,* one or more expert reports and curriculum vitae for each physician or health care provider against whom a claim is asserted. TEX. CIV. PRAC. & REM. CODE ANN. §74.351(a) (West) (emphasis added). Section 74.351(b) provides,

> "If, as to a defendant physician or health care provider, an expert report has not been served within the period specified by subsection (a), the court, on the motion of the affected physician or health care provider, *shall,* subject to Subsection (c), enter an order that:
> (1) awards to the affected physician or health care provider reasonable attorney's fees and costs of court incurred by the physician or health care provider;
> (2) dismisses the claim with respect to the physician or health care provider, with prejudice to the refiling of same." TEX. CIV. PRAC. & REM. CODE ANN. §74.351(b) (West) (emphasis added).

The only exception to the statute's requirement that a claim be dismissed if the report and CV are not timely served, is when elements of a report are found deficient. TEX. CIV. PRAC. & REM. CODE ANN. §74.351(c) (West). Under those circumstances, the court *may* grant one 30 day extension of time to cure the deficiency. *Id.* This exception does not apply.

In the case before this Court, there has been no challenge to the sufficiency of the expert report because the report was not served on UHS or its attorney at all, much less within 120 days of the date UHS filed its Answer.(RR 14-15) Absent

7

such service, UHS had no opportunity to object to the report's sufficiency and the time period within which such an objection must be filed cannot have began to run. *Poland v. Ott,* 278 S.W.3d 39, 49 (Tex. App.--Houston [1st Dist.] 2008, pet. denied) (deadline to file objection to expert report tied to date report is served on party). The statute no longer provides an exception for making a "good faith effort" to serve the mandatory report, and therefore, because this case does not fall within the parameters of §74.351(c), the deadline cannot be extended. The trial court has no discretion, but must dismiss the case and award costs and attorney's fees.

Plaintiff asserts that, because he sent the expert report to an attorney at the UT's Office of General Counsel before suit was filed, he has complied with the statute. This argument fails for many reasons. First, the statutory language is clear. It specifically uses the term "serve" and requires service on a "party" or the "party's attorney." TEX. CIV. PRAC. & REM. CODE ANN. §74.351(a) (West). A person is not a "party" until suit is filed and pre-suit delivery is not "service" as contemplated by the statute. *University of Texas Health Science Center at Houston v. Gutierrez,* 237 S.W.3d 869, 872 (Tex. App.--Houston [1st Dist.] 2007 pet. denied); *Ott,* 278 S.W.3d at 46, 49.

The use of the term "serve" is a change from the original version of the statute contained in Article 4590i §13.01(d), which merely required that the report

8

be "furnished" and did not specify that it be furnished to a "party." *Herrera v. Seton Northwest Hospital,* 212 S.W.3d 452, 458-459 (Tex. App.--Austin 2006, no pet.); TEX. REV. CIV. STAT. ANN. Art. 4590i §13.01 (repealed). The Legislature's amendment of the statute and substitution of the word "serve" for "furnish" was found to be an intentional change meant to invoke the provisions of Rule 21of the Texas Rules of Civil Procedure which sets out what is required to effect "service." *Gutierrez,* 237 S.W.3d at 872(citing TEX. R. CIV. P. 21a); *Ott,* 278 S.W.3d at 47-48. At least one Texas Court of Appeals has held that when an expert report is delivered by means other than those authorized by Rule 21a, it has not been "served" and, pursuant to §74.351(b) the claim must be dismissed. *Herrera* 212 S.W.3d at 461-462. But see, *Northeast Texas Staffing v. Ray,* 330 S.W.3d 1, 4 (Tex. App.--Texarkana 2010, no pet.)(defendant's attorney acknowledged receipt of expert report within 120 day deadline). In the instant case, there is no evidence before this Court to establish that UHS or its attorney were "served" with or received a copy of the expert report within the 120 day deadline.(CR 20, 23; RR 1-16)

Second, pre-suit delivery of an expert report does not comply with the statute. *St. Luke's Episcopal Hospital v. Poland,* 288 S.W.3d 38, 44 (Tex. App.--Houston [1st Dist.] 2009, pet. denied). A person is not a "party" to suit unless a lawsuit has been filed, therefore you cannot "serve" a "party" if suit has not yet

been filed. *Ott*, 278 S.W.3d at 48. In fact, the delivery of an expert report to a physician, an insurance carrier or an attorney before suit is filed does not excuse the failure to comply with the 120 deadline that a *party* be *served* within 120 days of the date suit is filed. *Poland*, 288 S.W.3d at 42. Delivery of a report to the "physician or health care provider before a claim is filed against that individual or entity in court does not comply with former section 74.351(a)'s service requirement." *Id.* at 44.

In *Stockton v. Offenbach*, the Supreme Court was faced with a situation in which an expert report was not served within 120 days of the date suit was filed because the Defendant physician could not be found. *Stockton v. Offenbach*, 336 S.W.3d 610, 612-613 (Tex. 2011) Noting that "Legislature has chosen to commence the 120-day period from the date of filing," the Court recognized that it had no choice but to order the case dismissed. *Id.* at 619. The Legislature has since amended §74.351 and it now provides that the 120 day deadline begins to run on the date the Defendant files its Answer, and not 120 days from the date the suit is filed. TEX. CIV. PRAC. & REM. CODE. ANN. §74.351(a) (West). This change should avoid the situation presented in *Stockton*, but it makes application of the law to this case even more straightforward. Pre-suit delivery of an expert report to an attorney or a potential defendant simply cannot constitute compliance with the requirement that the report be served on the party or the party's attorney within 120 days of the

date the Answer. It would be an extremely unusual and rare occurrence where a Defendant is attempting to file an Answer to a lawsuit that has not been filed. Therefore the triggering event cannot occur before suit is filed.

Once UHS filed its Answer, Plaintiff's counsel was provided with the identity of counsel representing UHS, which should have served to correct his inaccurate "assumption" that Boughal represented UHS.(CR 9) Pursuant to §74.351(a), Plaintiff was then required to serve counsel for UHS with the expert report within 120 days from the date UHS filed its Answer. Plaintiff did not do so, and instead relied upon the fact that he sent the expert report, before suit was filed, to an attorney whom he mistakenly thought represented UHS.(RR 9) Plaintiff's counsel concedes that the Boughal letter does not indicate he represents UHS.(RR 7) The letter merely indicates that Boughal is in receipt of Plaintiff's claim letter and asks for additional information to permit proper evaluation of the claim.(RR Exhibit 4) Plaintiff argues, without pointing to any specific language in the letter, that it "implies" that Boughal represents UHS.(RR 9) No such implication can be found in the letter. (RR Exhibit 4).

Plaintiff presumes that, because UHS received the Notice letter as evidenced by the Plea In Abatement pointing out the defects in the authorization, Boughal must have forwarded it to UHS.(RR 11) He completely disregards the fact that the notice letter was actually addressed to UHS, at 4502 Medical Drive.(RR Exhibit

11

21) He also disregards the fact that Boughal's address is in Austin and that his letter to Boughal was sent to Austin, and not to 4502 Medical Drive.(RR Exhibits 4, 5) Further, as was pointed out to the trial court, the 4502 Medical Drive address is the same address on the acknowledgment letter sent to Plaintiff by UHS and the same address at which the Original Petition directs citation to be served on UHS.(CR, 1; RR Exhibits 1, 2, 3)

When presented with conclusive evidence that the expert report was sent to (not served on) an attorney who did not represent UHS or any "party" because it was sent before suit was filed, the trial court incorrectly queried "whether there was a reasonable effort to contact the right party and put them on notice."(RR 14) This is an improper attempt to apply a "due diligence" doctrine to the 120 day expert report deadline. In *Stockton*, 336 S.W.3d at 619, the Texas Supreme Court rejected a similar argument, noting that "we are not free to re-write the statutes to reach a result we might consider more desirable in the name of statutory construction" and held that, because the statute is not ambiguous, it must be applied as written.

Plaintiff's counsel also argued that his co-counsel sent the expert report to UHS' counsel, but he presented no evidence of this.(RR 10) There are no copies of transmittal letters, no certificates of service signed by Plaintiff's counsel and there is no sworn testimony to support this allegation.(RR 1-16; Exhibits 1-5) The only

evidence in the record establishes that the expert report was sent, before suit was filed, to an attorney who does not represent UHS and who has never indicated that he did represent UHS.(RR Exhibit 5). As outlined above, Plaintiff has not established compliance with the statute.

Plaintiff's argument would fail even if Boughal did forward the expert report to UHS or its attorney. In *Gutierrez,* the claimant timely served an expert report on a physician named as a defendant and later nonsuited that physician, substituting the University of Texas Health Science Center at Houston in his place. *Gutierrez,* 237 S.W.3d at 869. UTHSCH actually received a courtesy copy of the expert report from the physician's attorney before UTHSCH was named as a party to the case. *Id.* When UTHSCH was not served with the expert report as required by §74.352(a), UTHSCH moved for dismissal pursuant to §74.351(b). *Id.* The Court of Appeals held that dismissal was mandatory despite evidence that UTHSCH was furnished with a copy of the expert report because it was not "served" on a "party" by the claimant within the 120 day deadline. *Id.* at 874. In the instant case, despite assumptions and argument by Plaintiff's counsel to the contrary, there is no evidence that UHS or its counsel was provided with a copy of the report. Under *Gutierrez,* such evidence would not change the outcome.

It is clear that the trial court disregarded the plain language of the statute and that it improperly applied a "due diligence" exception to the case, despite a clear

statutory indication that the application of the statute was not discretionary. The record before this Court conclusively establishes that Plaintiff did not comply with the requirement that it serve an expert report on UHS or its attorney within 120 days from the date UHS filed its Answer and that the cause of action must be dismissed. This Court should reverse the trial court's Order and remand the case to the trial court so that an evidentiary hearing may be conducted to determine the amount of costs and attorney's fees to be awarded to this Defendant.

## CONCLUSION

It is clear that UHS was entitled to dismissal of the claims against it pursuant to §74.351(a) and (b) of the Civil Practice and Remedies Code. Plaintiff did not comply with the mandatory provisions of the statute. The Court improperly applied a "due diligence" standard and completely disregarded the mandatory language of the statute. This Court must reverse the trial court's ruling and remand the case to the trial court for an evidentiary hearing on costs and attorney's fees.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully requests that the issue raised herein be resolved in Appellant's favor; that the trial court's order be reversed and remanded for an evidentiary hearing to determine Appellant's costs and attorneys' fees pursuant to §74.351(b)(1) and that Appellant be granted any additional relief, legal or equitable, to which it may be entitled.

14

Respectfully submitted,

_[signature]_
LAURA A. CAVARETTA
State Bar No. 04022820
CAVARETTA, KATONA & LEIGHNER, PLLC
One Riverwalk Place
700 N. St. Mary's Street, Suite 1500
San Antonio, Texas 78205
Phone: 210/588-2901
Fax: 210/588-2908
Cavarettal@ckf-law.com

ATTORNEY FOR APPELLANT
BEXAR COUNTY HOSPITAL DISTRICT
d/b/a UNIVERSITY HEALTH SYSTEM

## CERTIFICATE OF COMPLIANCE

Pursuant to TEX. R. APP P. 9.4 the undersigned counsel certifies that she relied on a word count computer program in preparing this document, that the font size is 14 point, and that this Appellants' Brief complies with TEX. R. APP. P. 9.4 in that it contains 15,000 words or less, excluding the items noted in Rule 9.4(i)(1). This Appellants' Brief contains 3,318 words.

_[signature]_
Laura A. Cavaretta

## CERTIFICATE OF SERVICE

This is to certify that a correct copy of the above and foregoing has this the 9th day of May 2015 been forwarded to:

Paul Saputo, Jr.                    ***VIA ELECTRONIC FILING SERVICE***
SAPUTO LAW FIRM
2050 N. Stemmons Freeway

15

Mail Unit 310
Dallas, Texas 75207
paul@saputo-law.com

_____
Laura A. Cavaretta

# TAB "1"

FILED
7/30/2014 3:01:22 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Marc Garcia

**4 CITS W/JD - SAC2**

CAUSE NO. **2014CI11941**

| | | |
|---|---|---|
| PAUL DOUGLAS HARLAN | * | IN THE DISTRICT COURT |
| | * | |
| VERSUS | * | |
| | * | BEXAR COUNTY, TEXAS |
| DR. JUSTIN BRAZEAL, M.D., | * | |
| DR. WILLIAM B. BELL, M.D., | * | |
| DR. MATTHEW NAPIERALA, M.D, | * | |
| AND BEXAR COUNTY HOSPITAL | * | |
| DISTRICT d/b/a | * | |
| UNIVERSITY HEALTH SYSTEM | * | **150TH** JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

### TO THE HONORABLE JUDGE OF THIS COURT:

NOW INTO COURT, through undersigned counsel, comes Plaintiff, PAUL DOUGLAS HARLAN, and files this Original Petition complaining of DR. JUSTIN BRAZEAL, M.D., DR. WILLIAM B. BELL, M.D., DR. MATTHEW NAPIERALA, M.D, and UNIVERSITY HEALTH SYSTEM, hereinafter called Defendants, and in support would respectfully show this Court the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery in this action under Level 2 pursuant to Texas Rules of Civil Procedure 190 and 190.3.

### PARTIES

2. Plaintiff, PAUL DOUGLAS HARLAN (hereinafter "Mr. Harlan"), is a resident of the County of Calhoun, State of Texas and may be contacted through his undersigned attorneys.

3. Defendant, Dr. Justin Brazeal, M.D., is an individual and orthopedic surgeon, who may be served with citation at 8300 Floyd Curl Dr., San Antonio, TX 78229.

4. Defendant, Dr. William B. Bell, M.D., is an individual and orthopedic surgeon, who may be served with citation at 4502 Medical Dr., San Antonio, TX 78229.

5. Defendant, Dr. Matthew Napierala, M.D., is an individual and orthopedic surgeon, who may be served with citation at 3851 Roger Brooke Dr. Bldg. 3600, San Antonio, TX 78234.

6. Defendant, Bexar County Hospital District dba University Health System (hereinafter referred to as "UHS"), a publicly-supported health care system and/or health care institution doing business in Bexar County, Texas and may be served with citation by its registered agent, Mr. George B. Hernández, Jr., at 4502 Medical Drive, San Antonio, TX 78229.

## JURISDICTION AND VENUE

7. The District Courts of Bexar County, Texas have jurisdiction over this case. The amount in controversy is within the jurisdictional limits of this Court, and the exercise of this Court's jurisdiction over the Defendants is proper.

8. Venue is appropriate in the District Courts of Bexar County, Texas pursuant to Texas Civil Practices & Remedies Code Section 15.002(a)(1) and 15.002(a)(2) inasmuch as all or a substantial part of the events or omissions giving rise to the claim occurred in Bexar County and one or more of the Defendants resides in Bexar County.

## BACKGROUND FACTS

9. On or about May 19, 2012, Mr. Harlan got into motor vehicle accident while operating his 1996 Chevrolet Suburban traveling in a southerly direction on Texas Highway 80 in the Parish of Karnes, State of Texas.

10. Mr. Harlan sustained various serious injuries in the car accident, including but not limited to a femur fracture.

11. Mr. Harlan was transferred to the Emergency Center at University Hospital in San Antonio. Originating time of arrival to the hospital was 10:19 AM on May 19, 2012 and admission time was 9:17 pm on May 19, 2012.

12. The Emergency Center at University Hospital in San Antonio is a part of UHS.

13. Dr. Justin Brazeal, Dr. William B. Bell and Dr. Matthew Napierala treated, or were responsible for the treatment of, Mr. Harlan while he was admitted at UHS on May 19. Mr. Harlan was discharged on May 25, 2012 at 1:20 PM.

14. On May 19, 2012, Mr. Harlan had a surgery for subtrochanetic fracture on his hip. The surgical construct was not biometrically sound and was doomed to failure. Defendants placed a rod from the knee, a technique that should not have been used in a subtrochanetic fracture like this. Additionally, the placement of this one was substandard.

15. Two other treatment options are well documented in literature that would have been appropriate. Either a longer plating technique or a locking rod from the trochanteric area should have been used.

16. The inadequate hip surgery necessitated another reconstructive surgery to fix the damage caused by the original surgery. This additional surgery required Mr. Harlan to undergo anesthesia again and have the original incorrect surgery fixed and redone requiring additional

rehabilitation recovery time. Mr. Harlan will likely require follow up surgery for a total hip replacement in the future because of the grossly negligent surgery.

17. Following his treatment at UHS on May 19, Mr. Harlan suffered from lower back pain, upper back pain, neck pain, head pain, hip pain, leg pain, all of which has severely limited his ability to stay mobile, and severe and permanent headaches, emotional upset and distress and other psychological sequelae, including shock.

## CAUSE OF ACTION: GROSS NEGLIGENCE

18. Mr. Harlan re-alleges and incorporates by reference the preceding paragraphs for all purposes as if set forth herein verbatim.

19. Mr. Harlan will show that treatment or lack of treatment by the Defendants departed from accepted standards of medical care or health care and that the physician and/or health care providers deviated from the degree of care and skill that is reasonably expected of an ordinarily prudent physician or health care provider in the same or similar circumstances. The Defendants' conduct, both of commission and/or omission, or both, separately and/or collectively, constituted willful and wanton negligence and thus, constituted gross negligence and such grossly negligent conduct was the direct proximate cause of the injuries and damages suffered by Mr. Harlan made the basis of this lawsuit. The actions of the Defendants were done with and constituted willful and wanton negligence.

20. Defendants' grossly negligent actions and omissions include, but are not limited to, one or more of the following:

a. The surgical construct was not biometrically sound and was doomed to failure. Defendants placed a rod from the knee, a technique that should not have been used in a subtrochanetic fracture. Two other treatment options are well

documented in literature, should have been used to treat Mr. Harlan, and any prudent physician would have known about these alternative treatments and the extreme risk of injury that Mr. Harlan would suffer by using the type of rod placement that Defendant's used.

b.  The placement of the rod was substandard to such a degree that the placement put Mr. Harlan in extreme risk, and Defendants' were not only aware of the risk but also were responsible for the placement of the rod itself.

21. Defendants' acts and/or omissions not only put Mr. Harlan in extreme risk, but also Defendants' knew that they were putting Mr. Harlan in extreme risk.

22. One, some or all of the foregoing acts and/or omissions, or others, on the part of Defendants, separately and together, constitute gross negligence of Defendants and proximately and directly caused Mr. Harlan to suffer serious, permanent, and disabling injuries:

a.  Irreparable damage to Mr. Harlan's hip and his ability to stay mobile;

b.  Severe and permanent headaches, emotional upset and distress and other psychological sequelae, including shock;

c.  Lower back pain, upper back pain, neck pain, arm pain, shoulder pain, head pain, hip pain, leg pain, due to his inability to walk correctly since the gross negligence occurred.

d.  Other injuries to be shown at the trial hereof.

23. Mr. Harlan would show that as direct and proximate result of the willful and wanton negligence and gross negligence of the Defendants, Mr. Harlan has sustained variety of damages arising out of his injuries including economic damages and a shorter work life.

24. Mr. Harlan has incurred substantial, reasonable, and necessary doctor and medical expenses from Defendants' grossly negligent conduct, is currently seeking treatment, and in all reasonable medical probability will likely incur substantial doctor, hospital, and medical expenses in the future.

25. Mr. Harlan has suffered severe physical impairment and will continue to do so in the future.

26. Mr. Harlan has sustained much physical pain and suffering and will continue to suffer in this respect for the balance of his natural life.

27. Mr. Harlan is a welding inspector and has since lost his job. He has incurred lost wages, loss of earnings, loss of earning capacity and will continue to do so in the future.

28. Mr. Harlan alleges the following general and specific damages for which he is entitled to recover in an amount calculated to adequately compensate him for the injuries and damages he sustained, and itemizes his damages as follows:

    a. Past, present and future expenses, including medical expenses;

    b. Past, present and future physical pain and suffering and loss of function;

    c. Past, present and future mental anguish and emotional distress;

    d. Lost of income, wages and diminished earning capacity;

    e. Special care and services;

    f. Loss of enjoyment of life;

    g. Permanent partial disability;

    h. All other losses of any kind not specified above.

29. Mr. Harlan pleads for the said above money relief and a demand for judgment for all the other relief to which Plaintiff deems himself entitled.

30. Defendants' conduct as described herein and the resulting damage and loss to Mr. Harlan has necessitated Plaintiff's retention of the attorneys whose names are below. Mr. Harlan is, therefore, entitled to recover from Defendants an additional sum to compensate Mr. Harlan for a reasonable fee for such attorneys' necessary services in the preparation and prosecution of this action, as well as reasonable fee for any and all necessary appeals to other courts.

## REQUEST FOR JURY TRIAL

31. Mr. Harlan respectfully demands a trial by jury on all matters.

## NOTICE GIVEN

32. Mr. Harlan has fully complied with the provisions of Sections 74.051 and 74.052 of the Texas Civil Practice and Remedies Code.

## PRAYER AND REQUEST FOR RELIEF

33. WHEREFORE, Mr. Harlan prays that Defendants be cited to appear and answer this Original Petition, that they be served with a copy of same, and after all legal delays and due proceedings had, there be judgment herein in favor of Plaintiff, Paul Douglas Harlan, and against defendants, Dr. Justin Brazeal, M.D., Dr. William B. Bell, M.D., Dr. Matthew Napierala, M.D., Bexar County Hospital District dba University Health System, jointly and *in solido*, for such damages as are reasonable and just under the circumstances, together with legal interest thereon from the date of judicial demand, until paid, to have such judgment with pre-judgment and post-judgment interest, and for all costs of these proceedings, and for all general, specific, and equitable relief, and for such other and further relief to which Plaintiff may show himself justly entitled. Mr. Harlan seeks recovery of those damages from Defendants, jointly and severally.

Respectfully submitted,

Paul Saputo Jr.
Texas Bar No. 24083792
2050 N. Stemmons Freeway
Mail Unit 310
Dallas, TX 75207
Tel. 888-239-9305
Fax 888-236-2516
paul@saputo-law.com

CAMERON N. E. LANDRY (LSBA 32541)
405 South Broad Street
New Orleans, Louisiana 70119
Telephone: (504) 821-5000
Fax: (888) 550-1220

**ATTORNEY FOR PLAINTIFF**

**PLEASE SERVE:**
Dr. Justin Brazeal, M.D.,
8300 Floyd Curl Dr., San Antonio, TX 78229

Dr. William B. Bell, M.D.,
4502 Medical Dr., San Antonio, TX 78229

Dr. Matthew Napierala, M.D.,
3851 Roger Brooke Dr. Bldg. 3600, San Antonio, TX 78234

Bexar County Hospital District d/b/a University Health System
Through its registered agent, Mr. George B. Hernández, Jr.,
4502 Medical Drive, San Antonio, TX 78229

# TAB "2"

CAUSE NO. 2014-CI-11941

| | | |
|---|---|---|
| PAUL DOUGLAS HARLAN | § | IN THE DISTRICT COURT |
| PLAINTIFF | § | |
| | § | |
| V. | § | 150TH JUDICIAL DISTRICT |

PAUL DOUGLAS HARLAN §        IN THE DISTRICT COURT
        PLAINTIFF §

V. §        150TH JUDICIAL DISTRICT
§
DR. JUSTIN BRAZEAL, M.D., DR. §
WILLIAM B. BELL, M.D., DR. §
MATTHEW NAPIERALA, M.D. and §
BEXAR COUNTY, TEXAS AND §
UNIVERSITY HEALTH SYSTEM §
d/b/a UNIVERSITY HOSPITAL §
        DEFENDANTS §        BEXAR COUNTY, TEXAS

## BEXAR COUNTY HOSPITAL DISTRICT d/b/a UNIVERSITY HEALTH SYSTEM'S MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the BEXAR COUNTY HOSPITAL DISTRICT d/b/a UNIVERSITY HEALTH SYSTEM, one of the Defendants in the above-entitled and numbered cause and files this its Motion to Dismiss pursuant to § 74.351 of the Civil Practice and Remedies Code and in support thereof, would show the court as follows:

1. This is a health care liability action governed by the provisions of Chapter 74 of the Civil Practice and Remedies Code. This cause of action was filed against the Bexar County Hospital District d/b/a University Health System [hereinafter UHS] on July 30, 2014.

2. Pursuant to §74.351(a) of the Civil Practice and Remedies Code, Plaintiff was required to serve on each defendant an expert report and curriculum vitae as to each health care provider or physician named as a Defendant in this action no later than 120 days after each Defendant's Original Answer is filed. Pursuant to §74.051(b) if the claimant does not serve a proper expert report and CV on the defendant, "the court, on the motion of the affected physician or health care provider, shall..... enter an order that: (1) awards to the affected physician or

health care provider reasonable attorney's fees and costs of court incurred by the physician or health care provider; and (2) dismisses the claim with respect to the physician or health care provider, with prejudice to the refiling of the claim." UHS filed its Original Answer on August 21, 2014. Accordingly, Plaintiff's 120-day deadline from the date said Answer was filed expired on December 19, 2014.

3. Pursuant to §74.052(a) of the Civil Practice and Remedies Code, because Plaintiff also failed to provide proper pre-suit notice and a completed authorization for release of medical records, on September 23, 2014, this Court ordered the cause of action abated for 60 days following receipt of a properly executed Authorization form. The abatement order specifically provided "This abatement order shall not affect any provisions or deadlines imposed by Chapter 74."

4. Plaintiff wholly failed to comply with §74.351(a) and has not provided expert reports to defense counsel for UHS. Pursuant to §74.351(b), and because the prior order issued by the Court does not extend the deadline imposed by Chapter 74, this Court should dismiss the case with prejudice as to UHS and UHS should recover its costs and attorney's fees.

WHEREFORE, PREMISES CONSIDERED, Bexar County Hospital District d/b/a University Health System requests that Plaintiff take nothing by reason of his action; that his cause of action as to UHS be dismissed with prejudice; that Defendant recover its costs; and that it be granted any and all other relief to which it may be entitled.

Respectfully submitted,

LAURA A. CAVARETTA
State Bar No. 04022820

CAVARETTA, KATONA & FRANCIS, PLLC

One Riverwalk Place
700 N. St. Mary's Street, Suite 1500
San Antonio, Texas 78205
Telephone: (210) 588-2901
Facsimile: (210) 588-2908
e-mail: cavarettal@ckf-law.com
ATTORNEY FOR DEFENDANT,
BEXAR COUNTY HOSPITAL DISTRICT d/b/a
UNIVERSITY HEALTH SYSTEM

## FIAT

Defendant Bexar County Hospital District d/b/a University Health System's Motion to Dismiss is hereby set for hearing on the 8TH day of January, 2015, at 8:30 o'clock a.m. in the Presiding District Court, Bexar County Courthouse, San Antonio, Texas. ROOM 109

SIGNED this 29th day of December, 2014.

**David A. Canales**

**Presiding Judge**

JUDGE PRESIDING

**73rd District Court**

## CERTIFICATE OF SERVICE

**Bexar County, Texas**

This is to certify that a correct copy of the above and foregoing has this the 29th day of December, 2014 been forwarded to:

Paul Saputo, Jr.                                        *VIA E-FILING SERVICE*
SAPUTO LAW FIRM
2050 N. Stemmons Freeway
Mail Unit 310
Dallas, Texas 75207
paul@saputo-law.com

LAURA A. CAVARETTA

# TAB "3"

## CAUSE NO. 2014-CI-11941

| | | |
|---|---|---|
| PAUL DOUGLAS HARLAN | * | IN THE DISTRICT COURT |
| PLAINTIFF | * | |
| | * | |
| VERSUS | * | 150TH JUDICIAL DISTRICT |
| | * | |
| DR. JUSTIN BRAZEAL, M.D., | * | |
| DR. WILLIAM B. BELL, M.D., | * | |
| DR. MATTHEW NAPIERALA, M.D, | * | |
| AND BEXAR COUNTY HOSPITAL | * | |
| DISTRICT d/b/a | * | BEXAR COUNTY, TEXAS |
| UNIVERSITY HEALTH SYSTEM | | |
| DEFENDANTS | | |

## PLAINTIFF'S OPPOSITION AND INCORPORATED MEMORANDUM
## TO BEXAR COUNTY HOSPITAL DISTRICT
## d/b/a UNIVERSITY HEALTH SYSTEM'S MOTION TO DISMISS

### TO THE HONORABLE JUDGE OF SAID COURT:

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, PAUL DOUGLAS HARLAN, who opposes Defendant, BEXAR COUNTY HOSPITAL DISTRICT d/b/a UNIVERSITY HEALTH SYSTEM'S (hereinafter "UHS") Motion to Dismiss for the reasons set forth in incorporated Memorandum as follows:

### LAW AND ARGUMENT

Defendant, UHS's, allegation that Plaintiff has not provided expert reports to defense counsel for UHS on or before December 19, 2014 is without merit.

23

On July 30, 2014 Plaintiff filed this cause of action naming UHS one of the defendants. UHS filed its answer on August 21, 2014; therefore, establishing 120-days deadline for Plaintiff to submit an expert report on or by December 19, 2014.

On July 16, 2014 Plaintiff, through undersigned counsel, received a report by an expert that was hired to evaluate Plaintiff's medical records provided by UHS and VA Hospital, San Antonio. The name of the expert, who provided a report, is Dr. Richard G. Bush, M.D., P.A.

On or about August 21, 2014 UHS filed the Answer and Plea in Abatement. Soon after that and in order to comply with § 74.351(a) of the Civil Practice and Remedies Code, Plaintiff's counsel has sent Dr. Bush's report and Dr. Bush's CV to the counsel for UHS via US mail since § 74.351 unlike § 74.051-74.052 does not required expert's report and/or expert's CV to be sent as certified mail. According to Rule 21a(a)(2) of TEX.R. CIV. P., "[A] document not filed electronically may be served in person, by mail, by commercial delivery service, by fax, by email, or by such other manner as the court in its discretion may direct." Rule 21a(b)(1) of TEX.R. CIV. P. defines when such service is deemed complete stating that "[S]ervice by mail or commercial delivery service shall be complete upon deposit of the document, postpaid and properly addressed, in the mail or with a commercial delivery service." In accordance with Rule 21a(a)(2), counsel for Plaintiff has sent Dr. Bush's report and Dr. Bush's CV by mail by depositing of the documents postpaid and properly addressed in the mail.

After UHS filed the Answer and Plea in Abatement on or about August 21, 2014, counsel for Plaintiff (Mr. Cameron Ehsani-Landry) and counsel for UHS (Mrs. Laura A. Cavaretta) had a phone conversation discussing authorization form, medical records as well as details of Dr.

2

Bush's expert report. Since that time, the said counsels have had phone communications involving lawsuit matters a couple of times. (See an affidavit of Mr. Ehsani-Landry as Exhibit 1)

Because UHS has not filed any objection to the sufficiency of Dr. Bush's report and which is permitted under § 74.351(a), Plaintiff assumed the report is sufficient. After phone discussion with the counsel for UHS about the details of the expert's report, Plaintiff, as any other reasonable person, could have never assumed that UHS did not receive Dr. Bush's report and/or his CV.

It is important to be noticed that the Plaintiff sent his initial Notice with Authorization form on or about May 19, 2014 to all defendants, including UHS. In fact, on or about June 4, 2014 Plaintiff received a letter from Mr. Timothy Boughal, the health law attorney at the office of general counsel of the University of Texas System. That letter (Exhibit 2), states that Mr. Harlan's (Plaintiff) health claim to all defendants has been referred to Mr. Boughal for evaluation and management.

As it is evidenced by the facts of this case, UHS was given initial Notice and Authorization form by Mr. Boughal and/or other representative of the University of Texas System. It is simply so because in UHS' Answer and Plea in Abatement, which was filed on or about August 21, 2014, UHS claimed insufficiency of the original Authorization from. After Plaintiff obtained Dr. Bush's report on or about July 16, 2014, Plaintiff sent its copy to Mr. Boudhal on July 17, 2014 (See Exhibit 3) so that Mr. Boudhal could file the report into the case file if he was still dealing with Plaintiff's claims and/or forward the report to a proper representative of defendants in the case, including UHS, as Mr. Boudhal has previously done with the Notice and Authorization form, and which UHS has received.

3

On January 5, 2015 Plaintiff sent a letter to the counsel for UHS via electronic means and as a certified mail. That letter included Mr. Bush's report and CV, which was previously sent to UHS's counsel before December 19, 2014, and expressed surprise as to the meritless grounds to file Motion to Dismiss based on non-compliance with §74.351(a) of the Civil Practice and Remedies Code, e.g., not providing UHS with an expert's report. (See Exhibit 4)

On February 6, 2015 and upon receiving updated report by Dr. Bush, Plaintiff, through his counsel, sent the report to UHS's counsel.

In sum, Plaintiff has made every attempt to comply with requirements of §74.351(a) of Texas Civil Practice and Remedies Code, secure rights and interests of Mr. Harlan, and make sure no violations of Texas laws occurred.

**WEREFORE,** Plaintiff, Paul D. Harlan, prays this Honorable Court that BEXAR COUNTY HOSPITAL DISTRICT d/b/a UNIVERSITY HEALTH SYSTEM'S Motion to Dismiss be denied for the reasons set forth in incorporated Memorandum.

Respectfully submitted,

/s/ Paul Saputo Jr.
Paul Saputo Jr.
Texas Bar No. 24083792
2050 N. Stemmons Freeway
Mail Unit 310
Dallas, TX 75207
Tel. 888-239-9305
Fax 888-236-2516
paul@saputo-law.com

CAMERON EHSANI-LANDRY (LSBA 32541)
405 South Broad Street

4

New Orleans, Louisiana 70119
Telephone: (504) 861-7488
Fax: (888) 550-1220

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is to certify that a correct copy of the above and foregoing has been forwarded to

Laura A. Cavaretta, counsel for UHS, this 20th day of February, 2015 via electronic mail

/s/ Paul Saputo Jr.

Paul Saputo Jr.

5

# TAB "4"

DOCUMENT SCANNED AS FILED



2014CI11941 -D150

CAUSE NO 2014-CI-11941

| | | |
|---|---|---|
| PAUL DOUGLAS HARLAN | * | IN THE DISTRICT COURT |
| *Plaintiff* | * | |
| | * | |
| VERSUS | * | |
| | * | |
| DR. JUSTIN BRAZEAL, M.D., | * | 150TH JUDICIAL DISTRICT |
| DR. WILLIAM B. BELL, M.D., | * | |
| DR. MATTHEW NAPIERALA, M.D, | * | |
| AND BEXAR COUNTY HOSPITAL | * | |
| DISTRICT d/b/a | * | |
| UNIVERSITY HEALTH SYSTEM | * | |
| *Defendants* | * | BEXAR COUNTY, TEXAS |

## ORDER DENYING MOTION TO DISMISS

On this day came before the court for consideration Bexar County Hospital District d/b/a University Health System's Motion to Dismiss. Plaintiff and Defendant Bexar County Hospital District d/b/a University Health System ("Movant") appeared by and through their attorneys of record.

THE COURT, having considered the pleadings, the evidence presented and the argument of counsel, is of the opinion and so finds that Plaintiff has complied with the requirements of §74.351 of the Civil Practice and Remedies Code with respect to Movant, Plaintiff having provided Movant with an expert opinion before the expiration of the time limit described in §74.351(a) of the Civil Practice and Remedies Code, and that Movant's Motion to Dismiss should in all things be DENIED.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Movant's Motion to Dismiss is denied; and that Movant's request for recovery of attorney's fees and costs is denied. All other relief not specifically granted herein is denied.

Signed this the _____ day of ____FEB 2 6 2015_____, 2015.

54

HON. LARRY NOLL
JUDGE PRESIDING

APPROVED AS TO FORM:

PAUL SAPUTO JR.
State Bar No. 24083792
SAPUTO LAW FIRM
2050 N. Stemmons Freeway
Mail Unit 310
Dallas, TX 75207
Tel. 888-239-9305
Fax 888-236-2516
paul@saputo-law.com

ATTORNEY FOR PLAINTIFF

LAURA A. CAVARETTA
State Bar No. 04022820

CAVARETTA, KATONA & FRANCIS, PLLC
One Riverwalk Place
700 N. St. Mary's Street, Suite 1500
San Antonio, Texas 78205
Telephone: (210) 588-2901
Facsimile: (210) 588-2908
e-mail: cavaretta@ckf-law.com

ATTORNEY FOR DEFENDANT,
BEXAR COUNTY HOSPITAL DISTRICT d/b/a
UNIVERSITY HEALTH SYSTEM

55

# TAB "5"

Vernon's Texas Statutes and Codes Annotated
   Civil Practice and Remedies Code (Refs & Annos)
      Title 4. Liability in Tort
         Chapter 74. Medical Liability (Refs & Annos)
            Subchapter H. Procedural Provisions (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 74.351

§ 74.351. Expert Report

Effective: September 1, 2013

Currentness

(a) In a health care liability claim, a claimant shall, not later than the 120th day after the date each defendant's original answer is filed, serve on that party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted. The date for serving the report may be extended by written agreement of the affected parties. Each defendant physician or health care provider whose conduct is implicated in a report must file and serve any objection to the sufficiency of the report not later than the later of the 21st day after the date the report is served or the 21st day after the date the defendant's answer is filed, failing which all objections are waived.

(b) If, as to a defendant physician or health care provider, an expert report has not been served within the period specified by Subsection (a), the court, on the motion of the affected physician or health care provider, shall, subject to Subsection (c), enter an order that:

    (1) awards to the affected physician or health care provider reasonable attorney's fees and costs of court incurred by the physician or health care provider; and

    (2) dismisses the claim with respect to the physician or health care provider, with prejudice to the refiling of the claim.

(c) If an expert report has not been served within the period specified by Subsection (a) because elements of the report are found deficient, the court may grant one 30-day extension to the claimant in order to cure the deficiency. If the claimant does not receive notice of the court's ruling granting the extension until after the 120-day deadline has passed, then the 30-day extension shall run from the date the plaintiff first received the notice.

(d) to (h) [Subsections (d)-(h) reserved]

(i) Notwithstanding any other provision of this section, a claimant may satisfy any requirement of this section for serving an expert report by serving reports of separate experts regarding different physicians or health care providers or regarding different issues arising from the conduct of a physician or health care provider, such as issues of liability and causation. Nothing in this section shall be construed to mean that a single expert must address all liability and causation issues with respect to all physicians or health care providers or with respect to both liability and causation issues for a physician or health care provider.

(j) Nothing in this section shall be construed to require the serving of an expert report regarding any issue other than an issue relating to liability or causation.

(k) Subject to Subsection (t), an expert report served under this section:

   (1) is not admissible in evidence by any party;

   (2) shall not be used in a deposition, trial, or other proceeding; and

   (3) shall not be referred to by any party during the course of the action for any purpose.

(*l*) A court shall grant a motion challenging the adequacy of an expert report only if it appears to the court, after hearing, that the report does not represent an objective good faith effort to comply with the definition of an expert report in Subsection (r)(6).

(m) to (q) [Subsections (m)-(q) reserved]

(r) In this section:

   (1) "Affected parties" means the claimant and the physician or health care provider who are directly affected by an act or agreement required or permitted by this section and does not include other parties to an action who are not directly affected by that particular act or agreement.

   (2) "Claim" means a health care liability claim.

   (3) [reserved]

   (4) "Defendant" means a physician or health care provider against whom a health care liability claim is asserted. The term includes a third-party defendant, cross-defendant, or counterdefendant.

   (5) "Expert" means:

      (A) with respect to a person giving opinion testimony regarding whether a physician departed from accepted standards of medical care, an expert qualified to testify under the requirements of Section 74.401;

      (B) with respect to a person giving opinion testimony regarding whether a health care provider departed from accepted standards of health care, an expert qualified to testify under the requirements of Section 74.402;

      (C) with respect to a person giving opinion testimony about the causal relationship between the injury, harm, or damages claimed and the alleged departure from the applicable standard of care in any health care liability claim, a physician who is otherwise qualified to render opinions on such causal relationship under the Texas Rules of Evidence;

(D) with respect to a person giving opinion testimony about the causal relationship between the injury, harm, or damages claimed and the alleged departure from the applicable standard of care for a dentist, a dentist or physician who is otherwise qualified to render opinions on such causal relationship under the Texas Rules of Evidence; or

(E) with respect to a person giving opinion testimony about the causal relationship between the injury, harm, or damages claimed and the alleged departure from the applicable standard of care for a podiatrist, a podiatrist or physician who is otherwise qualified to render opinions on such causal relationship under the Texas Rules of Evidence.

(6) "Expert report" means a written report by an expert that provides a fair summary of the expert's opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed.

(s) Until a claimant has served the expert report and curriculum vitae as required by Subsection (a), all discovery in a health care liability claim is stayed except for the acquisition by the claimant of information, including medical or hospital records or other documents or tangible things, related to the patient's health care through:

(1) written discovery as defined in Rule 192.7, Texas Rules of Civil Procedure;

(2) depositions on written questions under Rule 200, Texas Rules of Civil Procedure; and

(3) discovery from nonparties under Rule 205, Texas Rules of Civil Procedure.

(t) If an expert report is used by the claimant in the course of the action for any purpose other than to meet the service requirement of Subsection (a), the restrictions imposed by Subsection (k) on use of the expert report by any party are waived.

(u) Notwithstanding any other provision of this section, after a claim is filed all claimants, collectively, may take not more than two depositions before the expert report is served as required by Subsection (a).

**Credits**
Added by Acts 2003, 78th Leg., ch. 204, § 10.01, eff. Sept. 1, 2003. Amended by Acts 2005, 79th Leg., ch. 635, § 1, eff. Sept. 1, 2005; Acts 2013, 83rd Leg., ch. 870 (H.B. 658), § 2, eff. Sept. 1, 2013.

Notes of Decisions (1822)

V. T. C. A., Civil Practice & Remedies Code § 74.351, TX CIV PRAC & REM § 74.351
Current through the end of the 2013 Third Called Session of the 83rd Legislature

End of Document                                          © 2013 Thomson Reuters. No claim to original U.S. Government Works.